1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERNON W OFFICER, JR,

                              Plaintiffs,

        v.

STATE OF WASHINGTON et al.,

                              Defendants.

CASE NO. 2:23-cv-00860-TL

ORDER OF DISMISSAL WITH
LEAVE TO AMEND

        This matter is before the Court on its own motion. On June 2, 2023, Plaintiff filed an

application to proceed *in forma pauperis* ("IFP") without a proposed complaint. Dkt. No. 1. In

response to a deficiency letter sent by the Court (Dkt. No. 5), Plaintiff filed what the Court

understands to be his proposed complaint, which included two large binders worth of documents

purporting to provide "probable cause for a civil trial." Dkt. No. 7.[1] Plaintiff's application for

IFP status was granted (Dkt. No. 8), but U.S. Magistrate Judge S. Kate Vaughan recommended

---

[1] The proposed complaint is currently sealed on the docket because many of the included documents contain
sensitive information that should be redacted pursuant to Local Civil Rule 5.2(a).

review of the purported complaint under 28 U.S.C. § 1915. The sealed Complaint was entered on

the docket on July 18, 2023. Dkt. No. 9. Having reviewed Plaintiff's Complaint, the Court finds

that Plaintiff fails to state a claim upon which relief may be granted and is likely seeking

monetary relief from parties who are immune. The Court therefore DISMISSES WITHOUT

PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Upon permitting

a plaintiff to proceed *in forma pauperis*, the Court is subject to the requirements set forth under

28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the case if

the Court determines that the Plaintiff fails to state a claim upon which relief may be granted or

if Plaintiff seeks monetary relief from a party that is immune to such relief. *See* 28 U.S.C. §

1915(e)(2)(B)(ii)–(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection

1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

A complaint must include "a *short and plain* statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  "The legal standard for

dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the

same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v.

Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).

Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable

inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se*, courts

must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th

Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should

not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson*

1   *v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and

2   quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash.

3   2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v.*

4   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

5          Plaintiff's purported Complaint here fails to make any "short and plain" claims for relief.

6   Instead, Plaintiff appears to be seeking vindication for what he believes was a wrongful criminal

7   conviction and sentence in state court. While it is unclear on what legal bases Plaintiff seeks

8   relief, which appears to include a claim for $100,000,000 in damages, his asserted facts do

9   appear to indicate that he was provided due process prior to his conviction and multiple

10  opportunities to collaterally attack his conviction and sentence thereafter. The Court also notes

11  that the underlying actions of which he complains, including the investigatory efforts and judicial

12  proceedings that resulted in his conviction, appear to have occurred more than six years ago.

13  Finally, the Court notes that most, if not all, of the defendants named in Plaintiff's purported

14  Complaint are likely either completely immune from civil suit or generally immune from claims

15  for monetary relief in their official capacities. *See*, *e.g.*, *Bird v. Oregon Comm'n for the Blind*, 22

16  F.4th 809, 814 (9th Cir.) ("A state cannot be sued without its consent."), *cert. denied sub nom.*

17  *Bird v. Oregon Comm'n for Blind*, 214 L. Ed. 2d 29, 143 S. Ct. 114 (2022); *Broam v. Bogan*, 320

18  F.3d 1023, 1029 (9th Cir. 2003) ("If the action [of a state attorney] was part of the judicial

19  process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she

20  violated the civil plaintiff's constitutional rights."); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir.

21  2022) (holding that plaintiff cannot seek monetary damages against a state parole officer acting

22  in their official capacity for alleged constitutional violations under 28 U.S.C. § 1983 related to an

23  arrest for a stale parole violation). Even construing Plaintiff's Complaint as liberally as possible,

24  the Court is unable to ascertain a single plausible legal claim for the monetary relief he seeks

against any of the specified defendants and no civil claims that would not otherwise be prohibited on statute of limitations grounds.

Courts will typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Therefore, the Court will allow Plaintiff an opportunity to file an Amended Complaint. However, the Court cautions Plaintiff that his Amended Complaint must conform to the minimum requirements of Federal Rule of Civil Procedure 8(a) and must be filed in accordance with Local Civil Rule 5.2(a). This means that Plaintiff's Amended Complaint must include a *short and plain statement* of the grounds for the Court's jurisdiction, and a *short and plain statement* of the legal basis for any of his claims, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The Court strongly urges Plaintiff to review the resources for *pro se* litigants available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. The Court especially encourages Mr. Mata to review the example complaint template forms available at https://www.wawd.uscourts.gov/court-forms#Pro%20Se. Plaintiff must also refrain from including, or partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court:

1. Dates of Birth - redact to the year of birth, unless deceased;

2. Names of Minor Children - redact to the initials, unless deceased or currently over the age of 18;

3. Social Security Numbers and Taxpayer-Identification Numbers- redact in their entirety;

4. Financial Accounting Information - redact to the last four digits; and

5. Passport Numbers and Driver License Numbers - redact in their entirety.

1    LCR 5.2(a). Plaintiff's failure to meet any of these requirement could result in the summary

2    dismissal of this action.

3           The Court hereby ORDERS Plaintiff's sealed Complaint (Dkt. No. 9) DISMISSED WITHOUT

4    PREJUDICE and GRANTS Plaintiff leave to file an Amended Complaint. Plaintiff shall have **thirty**

5    **(30) days** from the date of this order, or until **no later than September 1, 2023**, to file an

6    Amended Complaint that plausibly states a claim for relief and complies with this Order.

7

8           Dated this 2nd day of August 2023.

9

10                                              Tana Lin
                                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 5