1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERNON W OFFICER, JR, <br><br> Plaintiff, <br> v. <br><br> STATE OF WASHINGTON et al., <br><br> Defendants. | CASE NO. 2:23-cv-00860-TL <br><br> ORDER DENYING EXTENSION OF DEADLINE TO AMEND COMPLAINT |

This matter is before the Court on Plaintiff's Third Motion for Continuance. Dkt. No. 17. Plaintiff asks for an additional six-month extension of the Court-issued deadline to amend his complaint to state a plausible claim for relief, which is currently due on August 30, 2024. *Id.* at 1; *see also* Dkt. No. 16. This is Plaintiff's fourth request for more time to prepare his amended complaint. *See* Dkt. No. 10 (Order of Dismissal with Leave to Amend setting original deadline); Dkt. No. 12 (Minute Order granting initial request for more time); Dkt. No. 14 (Order granting

extension on first motion to continue); Dkt. No. 16 (Order granting additional extension on second motion to continue).

The Court has broad discretion to grant a time extension for good cause, especially when sought in advance of the deadline. Fed. R. Civ. P. 6(b)(1). As with all civil procedural rules, the Court is required to "liberally construe[ Rule 6(b)(1)] to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

As the Court noted in its prior Order on Plaintiff's Second Motion for Continuance, Plaintiff has now been granted a full year to prepare an amended complaint to correct the deficiencies the Court identified in its Order of Dismissal. Dkt. No. 16 at 2. Plaintiff previously represented to the Court that a continuance was necessary to allow his attorney to review the large volume of case-related materials and because of financial barriers that impeded his ability to secure additional relevant records. Dkt. No. 15 at 1–3. But Plaintiff now seeks a continuance so that he can obtain new counsel. Dkt. No. 17 at 4–5. Plaintiff does not provide any detailed demonstration of good cause as to why the previous two six-month extensions were not sufficient time to obtain counsel and the relevant records that he believes are necessary to the amendment of his complaint.

The Court previously warned Plaintiff that no further extensions would be considered absent a detailed and persuasive demonstration of good cause. Dkt. No. 16 at 2. The Court is not inclined to grant an additional six-month extension. The current due date for the amended complaint is fourteen months after Plaintiff filed his case. Plaintiff has not demonstrated good cause for yet another six-month extension of the already considerable period that he has been provided to retain counsel and prepare an amended complaint.

For the foregoing reasons, the Court DENIES Plaintiff's third motion for a continuance. Plaintiff must file an amended complaint to correct the deficiencies the Court identified in its Order of Dismissal (Dkt. No. 10) **by no later than Friday, August 30, 2024**, or his action will be dismissed without prejudice, which means Plaintiff will not be barred from bringing these claims again in a new lawsuit if he amends his complaint to cure the defects in his prior complaint and meets any statutory deadlines for filing a case.

Dated this 29th day of July 2024.

Tana Lin
United States District Judge